# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| A. BRAD MILLER | § | |
| | § | |
| V. | § | CASE NO. 4:13-CV-749 |
| | § | Judge Mazzant |
| OCWEN LOAN SERVICING, LLC, | § | |
| DEUTSCHE BANK TRUST | § | |
| COMPANY AMERICAS, as Trustee | § | |
| For Residential Accredit Loans, Inc., | § | |
| Asset-Backed Pass Through | § | |
| Certificates, Series 2005-QA8, | § | |
| HOMECOMINGS FINANCIAL, LLC | § | |
| f/k/a HOMECOMINGS FINANCIAL | § | |
| NETWORK, INC. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion for Partial Summary Judgment (Dkt. #54). The Court, having considered the relevant pleadings, finds that Defendants' Motion for Summary Judgment should be denied.

On October 31, 2014, Defendants filed a Motion for Partial Summary Judgment (Dkt. #29). On November 19, 2014, Plaintiff filed a response (Dkt. #60). On December 1, 2014, Defendants filed a reply (Dkt. #61). On December 11, 2014, Plaintiffs filed a sur-reply (Dkt. #62).

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that

a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enterprises, Inc. v. American Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson,* 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). But if the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dallas Morning News*, *Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248-49). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257.

## DISCUSSION AND ANALYSIS

After reviewing the summary judgment evidence, the Court is not convinced that there are no issues of fact remaining. Summary judgment should be denied. The case should proceed to trial.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion for Partial Summary Judgment (Dkt. #54) is hereby **DENIED.**

**SIGNED this 21st day of January, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE