# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| A. BRAD MILLER | § | |
| | § | |
| v. | § | |
| | § | |
| OCWEN LOAN SERVICING, LLC, | § | |
| DEUTSCHE BANK TRUST | § | CIVIL ACTION NO. 4:13-cv-749 |
| COMPANY AMERICAS, as Trustee | § | Judge Mazzant |
| For Residential Accredit Loans, Inc., | § | |
| Asset-Backed Pass Through | § | |
| Certificates, Series 2005-QA8, | § | |
| HOMECOMINGS FINANCIAL, LLC | § | |
| f/k/a HOMECOMINGS FINACIAL | § | |
| NETWORK, INC. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Ocwen Loan Servicing, LLC, and Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Asset-Backed Pass-Through Certificates, Series 2005-QA8's Motion for Attorneys' Fees (Dkt. #126). After considering the relevant pleadings, the Court finds the motion should be denied.

## BACKGROUND

On November 27, 2013, Brad Miller filed his original complaint alleging violations of state law in the 401st Judicial District Court of Collin County, Texas (Dkt. #8). Ocwen Loan Servicing, LLC and Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Asset-Backed Pass-Through Certificates, Series 2005-QA8 (collectively, "Defendants") successfully removed to the United States District Court, Eastern District of Texas, Sherman Division (Dkt. #1).

1

On February 27, 2014, Plaintiff filed his second amended complaint (Dkt. #16). After Defendants' subsequent motion to dismiss was denied, Defendants answered and alleged counterclaims in August 2014 for breach of contract and judicial foreclosure (Dkt. #51). On January 21, 2015, the Court denied Defendants' motion for summary judgment (Dkt. #69). On March 30, 2015, a trial commenced between parties, and after Plaintiff rested, Defendants moved for judgment as a matter of law on all of Plaintiff's claims under Federal Rule of Civil Procedure 50. After the Court granted the motion, Defendants also moved for judgment as a matter of law on Defendants' counterclaims for breach of contract and suit for recovery of unpaid balance of promissory note, and judicial foreclosure. The motion was subsequently granted. On April 17, 2015, the Court granted Parties' Joint Motion for Extension to File the Judgment and Motion for Attorneys' Fees, as parties were hoping to reach a settlement (Dkt. #121).

On April 30, 2015, Defendants filed a motion for attorneys' fees under Federal Rule of Civil Procedure 54(d) (Dkt. #126). On May 19, 2015, Plaintiff filed his response (Dkt. #130). On May 21, 2015, Defendants filed their reply (Dkt. #132). A final judgment was entered on May 26, 2015 (Dkt. #133). On June 1, 2015, Plaintiff filed his sur-reply (Dkt. #134).

## ANALYSIS

Defendants request attorneys' fees and costs under Federal Rule of Civil Procedure 54. Because federal jurisdiction is based on diversity in this case, the Court must apply the substantive law of Texas. *Camacho v. Texas Workforce Com'n*, 445 F.3d 407, 409 (5th Cir. 2006) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)). Texas law has consistently held that recovery of attorneys' fees is not allowed, "unless

authorized by statute or contract." *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310-11 (Tex. 2006); *see* TEX. CIV. PRAC. & REM. CODE ANN. §38.001. It is at the discretion of the court to award or deny attorneys' fees provided for by contract; however, this discretion is limited when a contractually authorized provision for attorneys' fees exists between the parties. *McDonald's Corp. v. Watson*, 69 F.3d 36, 45 (5th Cir. 1995); *Cable Marine, Inc. M/V Trust Me II*, 632 F.2d 1344, 1345 (5th Cir. Unit B 1980). According to the Fifth Circuit, the court may deny a motion for attorneys' fees based on a contractual provision if "such an award would be inequitable and unreasonable." *See McDonald's Corp.*, 69 F.3d at 46; *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 245 (5th Cir. 2014).

Defendants assert that they are entitled to recover their attorneys' fees pursuant to a provision in the Deed of Trust that states "Lender may charge Borrower fees for services performed in connection with Borrower's default…including, but not limited to, [reasonable] attorneys' fees…" (Trial Exhibit No. 2, at ¶14, 22). Defendants are correct that the Court could award attorneys' fees in this case, but in exercise of the Court's discretion, the motion is denied because the Court finds that such an award would be inequitable and unreasonable. *See, e.g., Williams*, 560 F. App'x at 245; *Singha v. BAC Home Loans Servicing, LP*, 4:10-CV-692, 2011 WL 7678684 at *14-15 (E.D. Tex. July 20, 2011); *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1211. The Court has a large number of mortgage cases on its docket. Although the Court finds no remedy for Plaintiff in this case, the Court does not agree that Defendants were completely innocent in the events that occurred in this case.

**CONCLUSION**

Based on the foregoing, the Court finds that Defendants' Ocwen Loan Servicing, LLC, and Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Asset-Backed Pass-Through Certificates, Series 2005-QA8's Motion for Attorneys' Fees (Dkt. #126) is hereby **DENIED**.

**SIGNED this 23rd day of June, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE